I am persuaded that there was sufficient evidence of wantonness, as I perceive wantonness to be, to submit that issue to the jury.
 "Since I view negligence as conduct, I would hold that the same action or inaction which constitutes negligence also constitutes wantonness if the tort-feasor is conscious of his inaction or action and is conscious that by such inaction or action injury will likely or probably result."
Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142, 149 (Ala. 1987) (Houston, J., dissenting). If I correctly described wantonness in Lynn Strickland Sales Service, then in this case there was sufficient evidence of wantonness not only to submit the issue to a jury but to sustain a verdict of wantonness. However, I am not certain that there was sufficient evidence to submit the wantonness issue to a jury or to sustain a jury's verdict finding wantonness, if the majority's per curiam definition of wantonness in LynnStrickland requiring "premeditation and formed intent" correctly describes what is required for a finding of wantonness. My vote to affirm is based on my understanding of wantonness.
In Pacific Mut. Life Ins. Co. v. Haslip, ___ U.S. ___,111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), the United States Supreme Court rejected the due process challenge to the *Page 626 
imposition of punitive damages under the United States Constitution. I do not believe that the citizens of Alabama intended to make the due process protection under the Alabama Constitution of 1901 any broader than the due process protection under the United States Constitution. Therefore, I am persuaded that as long as this Court requires the trial courts and all appellate courts to test a punitive damages award, when challenged for excessiveness, by the seven factors set out in Green Oil Co. v. Hornsby, 539 So.2d 218, 223-24
(Ala. 1989), and as long as that procedure comports with the due process requirements of the United States Constitution, that procedure will comport with the due process requirement of the Alabama Constitution of 1901.